UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
ALEXIS CANDELARIO-SALAZAR,

                          Plaintiff,                            **ORDER**
                                                                  20-CV-760 (MKB) (SMG)

           v.

KINGS II DELI & GROCERY INC., JALAL
AHMED, KAMAL AHMED, GHASSAN ABO
AKRAM, and AKRAM GHARAMA,

                          Defendants.
----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Alexis Candelario-Salazar commenced the above-captioned action against Defendants Kings II Deli & Grocery Inc., Jalal Ahmed, Kamal Ahmed, Ghassan Abo Akram, and Akram Gharama on February 11, 2020, to recover unpaid wages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Part 146 of the New York Codes, Rules, and Regulations. (Compl. ¶ 1, Docket Entry No. 1.) After Defendants failed to appear or otherwise defend this action, the Clerk of Court entered default against them on May 1, 2020. (Clerk's Entry of Default, Docket Entry No. 13.) On May 6, 2020, Plaintiff moved for a default judgment, (Pl.'s Mot. for Default J., Docket Entry No. 15; Pl.'s Mem. in Supp. of Pl.'s Mot. for Default J., Docket Entry No. 15-1), and the Court referred the motion to Magistrate Judge Steven M. Gold, (Order dated May 8, 2020), who directed Plaintiff to supplement his motion with a request for attorneys' fees and costs, (Order dated Oct. 14, 2020, Docket Entry No. 19; Pl.'s Suppl. Mem. in Supp. of Pl.'s Mot. for Default J., Docket Entry No. 20).

By report and recommendation dated December 28, 2020, Judge Gold recommended that the Court: (1) grant Plaintiff's motion for a default judgment against Defendants, jointly and severally; (2) award Plaintiff damages totaling $49,267.00, consisting of $5,133.00 in unpaid minimum wages, $10,536.00 in unpaid overtime compensation, $3,964.50 in spread-of-hours compensation, $10,000 in statutory damages, and $19,633.50 in liquidated damages; (3) award Plaintiff pre-judgment interest on $19,633.50 of that amount at the rate of nine percent per year from September 2, 2019, until the date final judgment is entered; (4) award Plaintiff post-judgment interest at the statutorily prescribed rate from the date judgment is entered until the judgment is paid; (5) award Plaintiff an automatic increase of fifteen percent, as provided by NYLL § 198(4), if any amounts awarded remain unpaid upon the expiration of ninety days following the entry of judgment or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later; and (6) award Plaintiff $5,126.00 in attorneys' fees and $700.00 in costs (the "R&R"). (R&R 22, Docket Entry No. 23.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial

review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

**II. Conclusion**

The Court (1) grants Plaintiff's motion for a default judgment against Defendants, jointly and severally; (2) awards Plaintiff damages totaling $49,267.00, consisting of $5,133.00 in unpaid minimum wages, $10,536.00 in unpaid overtime compensation, $3,964.50 in spread-of-hours compensation, $10,000 in statutory damages, and $19,633.50 in liquidated damages; (3) awards Plaintiff pre-judgment interest on $19,633.50 of that amount at the rate of nine percent per year from September 2, 2019, until the date final judgment is entered; (4) awards Plaintiff post-judgment interest at the statutorily prescribed rate from the date judgment is entered until the judgment is paid; (5) awards Plaintiff an automatic increase of fifteen percent, as provided by NYLL § 198(4), if any amounts awarded remain unpaid upon the expiration of ninety days following the entry of judgment or ninety days after expiration of the time to appeal

3

and no appeal is then pending, whichever is later; and (6) awards Plaintiff $5,126.00 in attorneys' fees and $700.00 in costs.

  Plaintiff is directed to serve copies of this Order upon Defendants at their last known addresses and to file proof of service with the Court, and the Clerk of Court is directed to close this case.

Dated: January 14, 2021
   Brooklyn, New York

              SO ORDERED:

               s/ MKB
              MARGO K. BRODIE
              United States District Judge